UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE CATALINA MARKETING CORP.  Case No. 8:03-CV-1582-T-27-TBM

SECURITIES LITIGATION
_____/

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE[1]

WHEREAS, a consolidated class action is pending before the Court entitled *In re Catalina Marketing Corp. Securities Litigation*, Case No. 8:03-CV-1582-T-27-TBM;

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of December 12, 2006 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

WHEREAS, by Order dated February 16, 2006, the Court certified a Class consisting of all Persons who purchased the common stock of Catalina during the period October 14, 1999 to and including August 25, 2003. Excluded from the Class are Defendants and members of the Individual Defendant's immediate family, any entity in which a Defendant has a controlling interest, and the

---

[1] The text of this Order is adopted in whole from the parties' Proposed Order (Dkt. 137-3).

legal representatives, heirs controlling persons, or successors and predecessors in interest or assigns or any such excluded party; and

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, as within the range of possible approval, subject to further consideration and final approval at the Settlement Hearing described below.

2. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice annexed as Exhibits A-1, A-2 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

3. A hearing (the "Settlement Hearing") shall be held before this Court on **Thursday, April 26, 2007**, at 10:00a.m., at the United States District Court for the Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801 North Florida Ave., Courtroom 13B, Tampa, Florida, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settling Parties and the Class and should be approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Co-Lead Counsel;

and to determine whether to approve the proposed Bar Order. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

    4. The Court appoints Gilardi & Co. LLC ("Claims Administrator") to act and to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    a. Not later than thirty (30) days from the date of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to those Class Members who can be identified with reasonable effort;

    b. Within ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published in substantially the form attached as Exhibit A-3 hereto, once in the national edition of *Investor's Business Daily*; and one time over the internet via *Business Wire* or *PR Newswire*; and

    c. At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court, proof, by affidavit or declaration, of such mailing and publishing.

    5. Brokers and other nominees who purchased common stock of Catalina for the benefit of another (the "Beneficial Owners") between October 14, 1999 and August 25, 2003, inclusive, shall send the Notice and the Proof of Claim to the Beneficial Owners of such Catalina stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such Beneficial Owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such Beneficial

Owners. If requested, Plaintiffs' Co-Lead Counsel shall, through the Claims Administrator, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to Beneficial Owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court, with respect to any dispute concerning such compensation.

6. All Members of the Class who do not submit a valid Request for Exclusion in accordance with ¶10 below, shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred-twenty (120) days from the Notice Date (or the first business day thereafter if the 120th day falls on a weekend day or national holiday), or such other date thereafter as may be approved by the Court. Any Class Member who does not timely submit a Proof of Claim (or Request for Exclusion) shall not only be barred from sharing in the distribution of the proceeds of the Settlement Fund, but shall also be bound by all determinations and judgments in the action concerning the Settlement, whether favorable or unfavorable to the Class, unless otherwise ordered by the Court.

8. Any Member of the Class may enter an appearance in the Litigation, individually or through counsel of their own choice, at their own expense. If they do not enter an appearance, they will be represented by Plaintiffs' Co-Lead Counsel.

9. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than fourteen (14) days prior to the date of the Settlement Hearing. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Catalina common stock made during the Class Period, including the dates, number of shares, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

11. Any Member of the Class may appear and show cause (if he, she or it has any) (1) why the proposed Settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate; (2) why a judgment should or should not be entered thereon; (3) why the Plan of Allocation should or should not be approved; or (4) why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel. However, no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs'

Counsel, unless that Person has: (a) served written objections and copies of any papers and briefs, no fewer than fourteen (14) calendar days prior to the date of the Settlement Hearing on the following: Jeffrey D. Light, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, Telephone (619) 231-1058; Maya Saxena, Saxena White P.A., 2424 North Federal Highway, Suite 257, Boca Raton, Florida 33431, Telephone (561) 394-3399; Tracy A. Nichols, Holland & Knight LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, (305) 374-8500; and (b) filed said written objections, papers and briefs with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, 801 North Florida Ave., Tampa, FL 33602, no fewer than fourteen (14) days prior to the Settlement Hearing. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Judgment, to the Plan of Allocation, and/or to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' counsel, unless otherwise ordered by the Court.

12. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

All papers in support of the Settlement, Plan of Allocation, any application by Plaintiffs' counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14. Neither the Defendants, Defendants' Counsel nor the Insurers shall have any responsibility for the Plan of Allocation, any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

15. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Co-Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

16. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any Notice and Administration Expenses in accordance with the terms of the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Lead Plaintiffs and/or the Class of any infirmity in the claims asserted in the Litigation.

18. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and it retains jurisdiction to consider all further

applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

**DONE AND ORDERED** in chambers this 20th day of December, 2006.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record